## PRATT & LARSEN TILE
### *v.*
## DEPARTMENT OF REVENUE
### (TC 3676)

Michael Pratt, Portland, partner in plaintiff, represented plaintiff.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered May 4, 1995.

## CARL N. BYERS, Judge.

Plaintiff appeals the assessment of additional income taxes for 1991.[1] Department's Opinion and Order No. 93-1940 held that guaranteed payments to nonresident partners were in part Oregon source income subject to taxation by Oregon. This matter is before the court on motions for summary judgment. The court has determined that there is no dispute as to the material facts.

Plaintiff is an Oregon partnership selling tile to retail and wholesale customers in Portland, Oregon, and Seattle, Washington. Plaintiff has four partners; two are Oregon residents and two are Washington residents. The partners appear to operate the partnership under a written but unsigned partnership agreement. The agreement provides that partners share equally in the profits, but guaranteed payments are to be made every two weeks to the two Washington partners. With regard to such payments, the agreement states:

"THIS IS TO BE CONSIDERED SIMILAR TO WAGES PAID NONPARTNERS, AND IS COMMISSION WITH THE WORK TO BE ACTUALLY PERFORMED IN THE OPERATION OF BUSINESS."

Apparently, the two Washington partners worked full time as sales persons in the Seattle operation while the two Oregon partners hired additional sales people. The showrooms and sales activities operated independently of each other.

In 1991 the guaranteed payments to the Washington partners totalled $81,600. After deduction of those payments and other expenses, the partnership realized a net income of $527.88. Based upon the appropriate factors, plaintiff allocated 52.8 percent of its net income ($278.67) to Oregon. Upon audit, defendant determined that the guaranteed payments were part of the income of the partnership and must be allocated.

---

[1] The assessment, payment of taxes and appeal at the partnership level are permitted by ORS 314.760. All references to the Oregon Revised Statutes are to the 1989 Replacement Part; Oregon Administrative Rules cited are from 1989 also.

The issue before the court is whether guaranteed payments to nonresident partners of a partnership that does business in Oregon and Washington are subject to apportionment and taxation by Oregon.

■ The central question arises from the nature of a partnership. Generally a partnership is not taxable, but is treated as a conduit, passing income or loss through to the partners. ORS 314.712. The items of income, gain, loss, or deduction, passed through retain the same character for taxation to the partners. ORS 314.714. Nevertheless, in transactions with others, the law allows a partnership to act as a legal entity separate from its partners. Many tax problems arise when the partnership engages in transactions with its own partners.

■ With few exceptions, Oregon has chosen to follow federal income tax law.[2] Congress enacted IRC § 707 to address the problematic area of transactions between partners and the partnership. If a partner engages in a transaction with the partnership, not as a partner but in some other capacity, § 707(a) adopts the entity approach and treats the transaction as if the partner were not a partner. However, if a partner engages in a transaction with the partnership as a partner, federal law adopts the conduit approach and treats the transaction as a partnership activity. *Pratt v. Commissioner*, 550 F2d 1023 (5th Cir 1977).

■ There are exceptions to the general rules, one of which concerns guaranteed payments to partners for services or use of capital. IRC § 707(c) provides that guaranteed payments are treated as not to a partner but only for purposes of IRC §§ 61(a) and 162(a). The interpretative regulation explains:

> "For the purposes of other provisions of the internal revenue laws, guaranteed payments are regarded as a partner's distributive share of ordinary income. * * * Similarly, a partner who receives guaranteed payments is not regarded as an employee of the partnership for the purposes of withholding

---

[2] ORS 314.712(2) provides:

"If a partner engages in a transaction with a partnership other than in the partner's capacity as a member of the partnership, the transaction shall be treated in the manner described in section 707 of the Internal Revenue Code."

of tax at source, deferred compensation plans, etc." Treas Reg § 1.707-1(c) (1990).

Thus, federal law adopts the entity approach to guaranteed payments only for a limited purpose.

Defendant relies upon this regulation. Defendant argues that guaranteed payments are part of a partner's distributive share for purposes of determining the source of the payments. Income of a nonresident is taxable only to the extent its source is in Oregon. OAR 150-316.127-(A). If income is received from a partnership whose business is partly within and partly without Oregon, that income must be apportioned and allocated under ORS 314.605-670. *See* ORS 316.127.

In opposition, plaintiff contends that guaranteed payments are not made to partners in their capacity as partners. Plaintiff argues that partners who perform services for the partnership are no different from other employees, as evidenced by the fact that such payments are deductible by the partnership under IRC § 162(a). Since the services performed by the Washington partners were entirely in Washington, plaintiff argues that the source of the income was Washington.

Although both IRC § 707(c) and its accompanying regulation indicate that the entity approach is adopted only for purposes of IRC §§ 61(a) and 162(a), federal courts have found exceptions. As the court explained in *Kampel v. Commissioner*, 634 F2d 708, 711, 80-2 USTC ¶ 9816 (2d Cir 1980):

> "The critical interpretive issue in this case is not the general purpose of § 707(c)'s entity approach to partnership transactions, but rather the meaning of the section's 'but only' proviso. * * * three courts have rejected the Commissioner's interpretation and held that § 707(c)'s salary treatment is applicable to Code sections other than just §§ 61(a) and 162(a)."

The three cases referred to were *Armstrong v. Phinney*, 394 F2d 661 (5th Cir 1968), *Carey v. United States*, 427 F2d 763 (Ct Cl 1970), and *Andrew O. Miller, Jr.*, 52 TC 752 (1969) *acq* 1972-2 CB 2. In *Andrew O. Miller, Jr.*, the court

held that guaranteed payments were foreign source income excludable under IRC § 911.

These and other federal cases would indicate that guaranteed payments might be viewed under the entity approach as income earned in the location where the service was rendered and not as part of the partner's distributive share.[3] However, for reasons explained below, those cases are not applicable in this situation.

■ Although Oregon generally has chosen to follow federal law, there are certain exceptions. One of those exceptions is ORS 316.124(2), which provides:

"In determining the sources of a nonresident partner's income, no effect shall be given to a provision in the partnership agreement which:

"(a) Characterizes payments to the partner as being for services or for the use of capital, * * *."[4]

This statute appears directed at the very situation presented here. That is, the Oregon legislature has expressly determined that guaranteed payments are to be treated as part of a partner's distributive share for purposes of determining the source of the income. This departs from federal cases which hold that the "but only" proviso of section 707(c) does not mean what it says.

Accordingly, guaranteed payments are included in the nonresident partner's distributive share. The adjusted gross income of a nonresident derived from sources in this state includes "any distributive share of partnership income and deductions." ORS 316.127(1). Thus, the guaranteed payments to the Washington partners are to be treated as part of their distributive share of partnership income and deductions. Defendant correctly determined that a portion of such income is taxable by Oregon as Oregon source income. Now, therefore,

---

[3] *Foster v. Commissioner*, 42 TC 974 (1964), *Daniel Robida*, 29 TCM (CCH) 407 (1970), *aff'd* 460 F2d 1172, 72-1 USTC ¶ 9450 (9th Cir 1972), and *Foster v. U.S.*, 221 F Sup 291, 63-3 USTC ¶ 9588 (1963), *aff'd* 329 F2d 717, 64-1 USTC ¶ 9362 (2d Cir 1964).

[4] Defendant has adopted OAR 150-316.124-(A), but that rule was not adopted until after the year involved and has not been considered or applied by the court in deciding this case.

IT IS ORDERED that defendant's Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied. Costs to neither party.