Argued and submitted November 7, judgment of Tax Court affirmed
December 28, 2001

Edward J. REEVE
and Elizabeth K. Reeve,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4416)

Steven B. TUBBS
and Linda M. Tubbs,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 4417; SC S47664)

37 P3d 981

Marc K. Sellers, of Schwabe, Williamson & Wyatt, Portland, argued the cause and filed the briefs for appellants.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Hardy Myers, Attorney General.

BALMER, J.

## BALMER, J.

■    The issue in this tax case is whether income that Washington resident taxpayers derived from an Oregon partnership is subject to Oregon tax. On cross-motions for summary judgment, the Oregon Tax Court concluded that the income is taxable in Oregon. *Reeve/Tubbs v. Dept. of Rev.*, 15 OTR 148 (2000). Taxpayers have appealed and, for the reasons that follow, we affirm.

The following facts are undisputed. In 1993, the tax year at issue, taxpayers Elizabeth Reeve and Steven Tubbs were partners in a law firm organized as an Oregon general partnership with offices in Oregon, Washington, and Washington, D.C.[1] Taxpayers practiced law exclusively in the partnership's Washington State offices and resided in, and were domiciliaries of, the State of Washington. In 1993, as now, Oregon taxed that portion of a nonresident partner's income that consisted of the partner's distributive share of partnership profits derived from or connected with sources in Oregon. ORS 316.124(1).[2] In their 1993 state tax returns, taxpayers claimed that the bulk of their income from the partnership did not consist of taxable distributive shares. Rather, taxpayers characterized their income from the partnership as "guaranteed payments" for services, comparable to a fixed salary, that qualified as ordinary income earned solely in Washington State. Thus characterized, taxpayers claimed that such income was exempt from Oregon tax.[3]

The Department of Revenue (department) rejected taxpayers' characterization of their partnership income and

---

[1] Reeve and Tubbs filed joint personal income tax returns with their respective spouses, who are also parties to this proceeding. However, because the issues that we address in this opinion relate only to partnership compensation paid to Reeve and Tubbs, "taxpayers" refers to them and not their spouses.

[2] All references to the Oregon Revised Statutes in this opinion are to the 1991 edition, which applies to the tax year at issue here.

[3] Reeves received from the partnership a total federal taxable income of $138,637 and contends that $127,418 was a "guaranteed payment." Tubbs received a total federal taxable income of $88,592 and contends that $84,342 was a "guaranteed payment." Taxpayers did report a small percentage of their income from the partnership—their year-end "bonus" compensation—as a distribution of partnership profits apportionable for income tax purposes between the states in which the partnership did business.

determined that it consisted of distributions of partnership profits taxable under ORS 316.124(1).[4] As noted, the Tax Court agreed with the department and, in doing so, followed its earlier decision in *Pratt & Larsen Tile v. Dept. of Rev.*, 13 OTR 270 (1995), which had held that guaranteed payments for services made to nonresident partners are considered distributive shares of partnership profits subject to Oregon tax. *Reeve*, 15 OTR at 154-55. Taxpayers appealed.

Taxpayers claim that the Tax Court erred in concluding that the department may tax "guaranteed payments" to nonresident partners. According to taxpayers, Oregon has incorporated section 707(c) of the Internal Revenue Code (IRC), 26 USC § 707(c) (1986), which gives special treatment to "guaranteed payments" that a partnership makes to a partner.[5] Specifically, taxpayers argue that IRC § 707(c) requires the department to view "guaranteed payments" to partners as though they were payments to nonpartners. As a consequence, "guaranteed payments" are not considered part of a partner's distributive share of profits and, if such payments are made to a partner who is a nonresident, they are not subject to Oregon tax. The department responds that Oregon statutes do not allow nonresident partners of an Oregon partnership to use IRC § 707(c) to characterize payments received from the partnership as "guaranteed payments" rather than as distributions of partnership profits.

As an initial matter, the parties agree that partnership income may qualify as a "guaranteed payment" under IRC § 707(c) only if it is paid to a partner "for services or use of capital." In *Pratt & Larsen Tile*, the Tax Court determined that those requirements could not be met by nonresident

---

[4] ORS 316.124(1) states, in part:

"In determining the adjusted gross income of a nonresident partner of any partnership, there shall be included only that part derived from or connected with sources in this state of the partner's distributive share of items of partnership income, gain, loss and deduction (or item thereof) entering into the federal adjusted gross income of the partner * * *."

[5] IRC § 707(c) states, in part:

"*Guaranteed payments.* To the extent determined without regard to the income of the partnership, payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership * * *."

partners of an Oregon partnership, because of the following limiting provision of ORS 316.124(2):

"In determining the sources of a nonresident partner's income, *no effect* shall be given to a provision in the partnership agreement which:

"(a)   Characterizes payments to the partner as being *for services or for the use of capital* * * *."

(Emphasis added.) By directing the department to give no effect to the terms "for services or for the use of capital" in a partnership agreement, the Tax Court reasoned that the legislature had restricted the availability of IRC § 707(c) and "expressly determined that guaranteed payments are to be treated as part of a partner's distributive share for purposes of determining the source of the income." *Pratt & Larsen Tile*, 13 OTR at 274.

Taxpayers insist, however, that the legislature intended to incorporate IRC § 707(c) into Oregon's tax laws for use by nonresident partners. Taxpayers contend that such legislative intent is evident in the text of ORS 314.712(2):

"If a partner engages in a transaction with a partnership other than in the partner's capacity as a member of the partnership, *the transaction shall be treated in the manner described in section 707 of the Internal Revenue Code*."

(Emphasis added.) Therefore, taxpayers argue, the Tax Court erred as a matter of law, both here and in *Pratt & Larsen Tile*, by construing one statutory provision, ORS 316.124(2), to conflict with another, ORS 314.712(2). *See Vaughn v. Pacific Northwest Bell Tel. Co.*, 289 Or 73, 83, 611 P2d 281 (1980) (courts are to avoid construction that creates conflict between statutes or renders one statute ineffective).

To resolve the parties' dispute over whether the legislature intended to adopt IRC § 707(c) for use by nonresident partners, we must construe several provisions of the Oregon tax code. In doing so, our task is to discern the intent of the legislature. ORS 174.020.[6] *See also PGE v. Bureau of Labor*

---

[6] The legislature amended ORS 174.020 in 2001. Or Laws 2001, ch 438. Those amendments relate, in part, to a court's use of legislative history in the interpretation of statutes. Those amendments apply only to actions commenced on or after

*and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (summarizing methodology for construing statutes).

We turn first to ORS 314.712(2), set out above, which taxpayers contend incorporates IRC § 707(c) into the Oregon tax code. That ORS 314.712(2), by its terms, incorporates IRC 707 is clear. However, it equally is clear that the incorporation is conditional. The statute is written as an "if-then" proposition: *If* a taxpayer engages in a transaction with a partnership "other than in the partner's capacity as a member of the partnership," *then* the taxpayer is authorized to treat that transaction under IRC 707. Consequently, IRC § 707(c) does not become applicable unless a partner first engaged in a transaction with the partnership in a capacity other than as a member of the partnership—*i.e.*, as a nonpartner.

Taxpayers assert that they have satisfied the condition that ORS 314.712(2) imposes because they are *considered* nonpartners to the extent that they received "guaranteed payments." That is so, argue taxpayers, because "guaranteed payments" are "considered as made to a person who is not a partner" under IRC § 707(c). That construction is circular, and we reject it. As we have noted, ORS 314.712(2) incorporates IRC § 707(c), if at all, after a taxpayer *first* satisfies the condition of engaging in a transaction with the partnership as a nonpartner. That is not the case here. Taxpayers were lawyers and partners in a law firm. There is no suggestion that the payments to them were for any services performed for the firm other than as partners providing legal services on behalf of clients or other services related to their roles as partners.

Taxpayers alternatively argue that the legislature intended to adopt IRC § 707(c) apart from the conditional incorporation by ORS 314.712(2). If that argument is correct, then taxpayers could seek IRC § 707(c) treatment of their payments from the partnership without first demonstrating that they received that income from the partnership in a capacity other than as a partner. Taxpayers assert that the

June 18, 2001. Or Laws 2001, ch 438, §§ 2 & 3. Taxpayers filed their complaint in the Tax Court on March 6, 1998. Therefore, the amendments to ORS 174.020 do not apply in this case.

legislature intended that the character of income from a partnership be the same for Oregon tax law purposes as for federal purposes. They point out that, under ORS 316.124(5),[7] the character of partnership items for a nonresident partner is determined by ORS 314.714(1), which provides:

> "Each item of partnership income, gain, loss or deduction has the same character for a partner as it has for federal income tax purposes.* * *"

Thus, taxpayers argue that IRC § 707(c) is available independently of ORS 314.712(2) because, under ORS 314.714(1), IRC § 707(c) can be used to characterize partnership income for federal tax purposes.

■    Taxpayers' reliance on ORS 314.714(1) is misplaced. That statute applies to the character of *partnership income* and not of a partner's *distributive share* of that income, which is at issue here. Under ORS 316.124(5), a nonresident partner's distributive share is determined by ORS 314.714(2), which provides:

> "A partner's distributive share of an item of partnership income, gain, loss or deduction (or item thereof) shall be that partner's distributive share of partnership income, gain, loss or deduction (or item thereof) for federal income tax purposes * * * *adjusted for the modifications, additions and subtractions provided in this chapter and ORS chapters 316, 317 and 318.*"

(Emphasis added.) ORS 314.712(2) is one such "modification" that, as noted, incorporates IRC § 707(c) only on the condition that a partner first is engaged in a transaction with the partnership as a nonpartner. Accordingly, we reject taxpayers' argument that the legislature intended to treat the income that a partnership pays to a nonresident partner the same for Oregon's purposes as for federal purposes.

We have considered taxpayers' other arguments and find them not to be well taken. Further, because we conclude

---

[7] ORS 316.124(5) provides:

"A nonresident partner's distributive share of items of income, gain, loss or deduction (or item thereof) shall be determined under ORS 314.714(2). The character of partnership items for a nonresident partner shall be determined under ORS 314.714(1)."

that taxpayers cannot avail themselves of IRC § 707(c), we do not address taxpayers' contention that their partnership compensation otherwise meets the requirements of that provision.

In summary, taxpayers have failed to demonstrate that the legislature intended to adopt IRC § 707(c) except in circumstances in which a partner is acting as a nonpartner. ORS 314.712(2). Taxpayers are unable to characterize themselves as nonpartners other than by relying on IRC § 707(c), which is unavailable to them. Therefore, we conclude that the Tax Court correctly determined that guaranteed payments for services made to nonresident partners are considered distributive shares of partnership profits and subject to Oregon tax.

The judgment of the Tax Court is affirmed.